UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-61879-DIMITROULEAS/ROSENBAUM

WARD WRANGEN and ELYSE WRANGEN,
        Plaintiff,

v.

PENNSYLVANIA LUMBERMANS MUTUAL
INSURANCE COMPANY,
        Defendant.
_____/

**ORDER**

This matter comes before the Court upon Defendant's Motion for Order Permitting Entry into Warehouse Formerly Operated by Omicron, and Motion to Expedite Briefing Schedule and Deadline for Owner to Object [D.E. 73]. In Defendant's Motion, Defendant asserts that it would like to inspect a warehouse formerly operated by Omicron but now controlled by Five Star Capital Corp., and it would like to do so by January 19, 2009. Although Defendant sent Five Star Capital Corp. a letter requesting the ability to conduct such an inspection within this time frame, Defendant has provided no indication as to whether it served Five Star Capital Corp., a non-party, with a subpoena seeking such an inspection.[1]

In the absence of proper service of a subpoena on Five Star Capital Corp., the Court lacks jurisdiction over the company. *See Highland Tank & Mfg. Co. v. PS Intern., Inc.*, 227 F.R.D. 374,

---

[1] While Defendant refers to Rule 45, Fed. R. Civ. P., in its Memorandum of Law supporting its Motion, nothing in the Motion, Memorandum of Law, or December 29, 2008, letter to Five Star Capital Corp. notes whether Defendant actually served a subpoena issued pursuant to Rule 45.

379 (W.D. Pa. 2005) ("Rule 45 is the only discovery method whereby information may be obtained from a nonparty to the suit."); *Cuthbertson v. Excel Industries, Inc.,* 179 F.R.D. 599, 602 (D. Kan. 1998) (court lacked jurisdiction over non-party where non-party had not been served with subpoena but instead had appeared voluntarily for deposition); *Gutescu v. Carey Intern., Inc.*, 2003 WL 25589034, *2 (S.D. Fla. June 24, 2003) (court had no jurisdiction to hold non-party in contempt where subpoena with which non-party allegedly failed to comply had been issued improperly).

Defendant further does not appear to have advised the Court fully of the steps it took to comply with Local Rule 7.1.A.3, S.D. Fla., which requires counsel for the movant to confer or to make reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion in a good-faith effort to resolve by agreement the issues to be raised in the motion. While Defendant's Motion attaches a copy of a letter Defendant sent to Five Star Capital Corp. requesting the inspection, the letter is dated December 29, 2008, the date on which Defendant filed its Motion. Defendant's Motion fails to reveal whether Defendant attempted to call or otherwise contact Five Star Capital Corp. to learn of its response to the December 29th letter or its position with regard to Defendant's Motion. Simply sending a letter without further follow-up does not constitute the type of effort to engage in a pre-filing conference anticipated by Local Rule 7.1.

Local Rule 7.1 serves the purpose not only of attempting to avoid unnecessary expenditure of judicial resources resolving motions that are not opposed, but also to allow the Court to ascertain whether it should wait for a response from the opposing party before deciding the motion. Here, in the absence of a representation of Five Star Capital Corp.'s position with regard to expediting the briefing schedule on Defendant's Motion for Order Permitting Entry, the Court has no way of knowing where Five Start Capital Corp. stands on Defendant's Motion to Expedite Briefing. Thus,

even if Defendant had advised the Court as to whether it had served Five Star Capital Corp. with a subpoena, the Court still would not be able to rule on Defendant's Motion to Expedite Briefing without first undertaking efforts to learn of Five Star Capital Corp.'s position.

For all of these reasons, it is **HEREBY ORDERED AND ADJUDGED** that Defendant's Motion for Order Permitting Entry into Warehouse Formerly Operated by Omicron, and Motion to Expedite Briefing Schedule and Deadline for Owner to Object [D.E. 73] is **DENIED WITHOUT PREJUDICE** to renew. Should Defendant choose to renew its Motion, it shall indicate the following in its renewed Motion:

1. When Five Star Capital Corp. was served with a subpoena requesting inspection (and attaching a copy of the subpoena served); and

2. Five Star Capital Corp.'s position with respect to Defendant's Motions, or, if Defendant is unable to ascertain Five Star Capital Corp.'s position, despite genuine efforts to do so, a statement of the efforts undertaken to determine Five Star Capital Corp.'s position.

**DONE AND ORDERED** this 30th day of December, 2008.

ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc: Hon. William P. Dimitrouleas
    Counsel of Record